**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Chad Douglas Hesslink,                                    Case No. 4:13CV1757

        Petitioner,

    v.                                                        **ORDER**

Warden Coakley,

        Respondent.

This is a habeas corpus action under 28 U.S.C. § 2241.

Petitioner Chad Douglas Hesslink is incarcerated in FCI-Elkton, having been convicted in the United States District Court for the Western District of Michigan in 1996, on charges of armed robbery and being a felon in possession of a firearm. The sentencing judge increased his base offense level under the Sentencing Guidelines in light of applicable enhancements for carjacking, use of a firearm during a crime, obstruction of justice for an attempted escape, and use of a stun gun causing harm.

Petitioner now seeks relief from the sentence, contending it is contrary to *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

**Background**

Petitioner was initially charged with carjacking (count one), robbery of an armored car (count two), use of a firearm in a violent crime (count three), and being a felon in possession of a firearm (counts four and five). The indictment also contained forfeiture allegations. Petitioner agreed

to plead guilty to counts two, four, and five on January 6, 1997, and prosecutors agreed to dismiss the remaining counts.

Petitioner received an aggregate sentence of 360 months in prison. Under the guidelines, his base level offense was 20, but he received enhancements for carjacking, use of a firearm during a crime, obstruction of justice for an attempted escape, and using a stun gun causing harm. The enhancements brought the base offense level to 39. And based on his prior offenses, petitioner's criminal history score was set at VI, thereby placing him in the range of 360 months to life.

Petitioner took a direct appeal and filed a motion to vacate under 28 U.S.C. § 2255, but received no relief from his sentence.

In the present habeas petition under § 2241, petitioner contends the Court's recent decision in *Alleyne* requires that the facts supporting the enhancements should have been admitted to by him, or found by a jury. However, at his sentencing the judge found the facts needed to support the enhancements.

## Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

Because petitioner is appearing *pro se*, his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Nevertheless, I may dismiss the petition at any time, or make any such disposition as law and justice require, if the petitioner does not set forth adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

"In general, a petition for a writ of habeas corpus is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner contesting the validity of his conviction or sentence must proceed under§ 2255. *Id.*

Section 2241 contains a "safety valve," that allows a prisoner to attack the validity of his sentence if it appears the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). But § 2255 is not inadequate or ineffective merely because an individual cannot obtain relief under that provision. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam.

To fall within the safety valve, petitioner must show that an intervening change in the law establishes his actual innocence. *U.S. v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). "[A]ctual innocence means factual innocence, rather than mere legal insufficiency" of the evidence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### Discussion

Because petitioner's claim focuses on the validity of his sentence, rather than the manner in which that sentence is executed, he may not proceed under § 2241 unless he establishes that the safety valve provision applies – i.e., that he is factually innocent of the charged offenses.

However, petitioner makes no such argument. He merely alleges that § 2255 is ineffective to obtain relief from his sentence because *Alleyne*, which was decided long after his sentence became final, has not been applied retroactively.

That contention provides no basis for relief. To establish actual innocence based on a subsequent change in the law, petitioner must "point to a decision holding a substantive criminal

statute no longer reaches certain conduct, i.e., that he stands convicted of an act that the law does not make criminal." *Carter v. Coakley*, 2013 WL 3365139, *3 (N.D. Ohio). "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of [p]etitioner's conviction." *Id.*, *4. *Alleyne* is a sentencing-error case," and "claims of sentencing error may not serve as the basis for an actual innocence claim." *Id.*

Accordingly, petitioner may not pursue his claims in a § 2241 petition.

### Conclusion

For the reasons set forth above, it is hereby

ORDERED THAT:

1.    Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted;

2.    Petitioner's  Motion to Expand the Record (Doc. 3) is denied;

3.    The habeas corpus petition (Doc. 1) is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243; and

4.    I certify that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge